UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL DARREL MILAM , <br><br>                    Petitioner, <br><br>     v. <br><br> DEPARTMENT OF CORRECTIONS , <br><br>                    Respondent. | CASE NO. C20-422-RSM <br><br> **ORDER DENYING MOTION TO COMPEL AND DIRECTING PETITIONER TO AMEND CAPTION/SUBSTITE PROPER RESPONDENT** |

Petitioner, Michael Darrel Milam, proceeds *pro se* in this federal habeas corpus action pursuant to 28 U.S.C. §2254. The petition has been served but the respondent has not yet filed an answer and the time to do so has not yet expired. Petitioner now moves to compel discovery (Dkt. 11). Respondent opposes the motion and asks the Court to direct petitioner to amend the caption of this action to name the proper respondents. Dkt. 12.

**MOTION TO COMPEL**

Petitioner's motion to compel discovery (Dkt. 11) is DENIED. Rule 6(a) of the Rules Governing Section 2254 Cases provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

ORDER DENYING MOTION TO COMPEL
AND DIRECTING PETITIONER TO AMEND
CAPTION/SUBSTITE PROPER
RESPONDENT - 1

1  Under Rule 6(b) "A party requesting discovery must provide reasons for the request. The request

2  must also include any proposed interrogatories and requests for admission, and must specify any

3  requested documents." Rule 6(b).

4     "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

5  discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

6  Discovery is properly limited in habeas corpus because it "is not the trial itself but a collateral

7  attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n. 4 (9th Cir. 1985).

8  Absent a showing of good cause, a court should deny a motion for leave to conduct discovery.

9  *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999).

10     To show good cause, the petitioner must set forth specific facts showing that discovery is

11  appropriate in the particular case. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (*citing*

12  *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)). Any request for discovery prior to the

13  scheduling of an evidentiary hearing is premature. *Jeffries v. Blodgett*, 771 F. Supp. 1520, 1529

14  (W.D. Wash. 1991), *aff'd*., 974 F.2d 1179 (9th Cir. 1992), *amended*, 988 F.2d 923 (9th Cir.

15  1993), *amended*, 5 F.3d 1180 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 1295 (1994), *rev'd. and*

16  *remanded on other grounds*, 75 F.3d 491 (9th. Cir. 1996). A federal district court should permit

17  discovery only as it relates to those issues which will be considered in an evidentiary hearing.

18  *Jeffries*, 771 F. Supp. at 1529.

19     Here, petitioner seeks to "compel discovery materials of violation dates of 6-08-19 to 3-

20  03-20." Dkt. 11, at 1. But petitioner has not requested leave to conduct discovery, does not

21  identify what specific documents he seeks to compel, and does not set forth specific facts

22  showing discovery is appropriate in this particular case. Furthermore, petitioner's request for

23  discovery is premature as the respondent has not yet answered and the Court has not yet

ORDER DENYING MOTION TO COMPEL
AND DIRECTING PETITIONER TO AMEND
CAPTION/SUBSTITE PROPER
RESPONDENT - 2

determined whether an evidentiary hearing is necessary in this proceeding. Petitioner's motion also does not certify that he has "met and conferred" with respondent prior to bringing his motion to compel as required by Fed. R. Civ. P. 37(a). Accordingly, petitioner's motion to compel is DENIED.

## AMEND CAPTION/SUBSTITUTE PROPER RESPONDENTS

The respondent also requests that petitioner be directed to amend the caption to reflect the proper respondents. Dkt. 12. The petition currently names the Department of Corrections as the respondent. Dkt. 5. If the prisoner is challenging the sentence resulting in the *current* confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padialla*, 542 U.S. 426 at 435, 439 (2004); *see* Rule 2(a) of Rules Governing Section 2254 Cases. However, if the inmate is challenging a sentence that may result in *future* confinement, the inmate must name the person having current custody of the prisoner and the state attorney general. Rule 2(b) of Rules Governing Section 2254 Cases; *Belgarde v. Montana,* 123 F.3d 1210, 1212 (9th Cir. 1997).

Here, respondent presents evidence that Mr. Milam is currently being held at King County Jail in Kent, under cause number 19-1-06480-0. Dkt. 12-1. But Mr. Milam's petition does not appear to challenge the sentence or proceedings under which he is currently being held. Rather, the petition appears to challenge the length of Mr. Milam's range of community custody as imposed by the sentencing court in 2009, which, respondent concedes is likely to resume in the future. Dkts. 5, 12. Under Rule 2(b), therefore, Mr. Milam must name the warden/director of the King County Jail in Kent and the Washington Attorney General, Robert W. Ferguson, as respondents.

ORDER DENYING MOTION TO COMPEL
AND DIRECTING PETITIONER TO AMEND
CAPTION/SUBSTITE PROPER
RESPONDENT - 3

1    Respondent's motion (Dkt. 12) is GRANTED. **Petitioner is directed to amend the**

2 **caption of his petition on or before May 28, 2020**, to name the proper respondents: the

3 warden/director of King County Jail in Kent, and the Washington Attorney General, Robert W.

4 Ferguson. The Clerk is further directed to send copies of this order to petitioner and counsel for

5 respondent.

6    DATED this 23rd day of April, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO COMPEL
AND DIRECTING PETITIONER TO AMEND
CAPTION/SUBSTITE PROPER
RESPONDENT - 4