UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL DARREL MILAM, <br><br>　　　　　　Petitioner, <br><br>　v. <br><br>DEPARTMENT OF CORRECTIONS, <br><br>　　　　　　Respondent. | CASE NO. C20-422-RSM <br><br>**REPORT AND RECOMMENDATION** |

Petitioner is detained pretrial on criminal charges currently pending in the King County Superior Court. *See* Dkt. 12 at 3. On March 18, 2020, petitioner submitted a proposed petition for writ of habeas corpus under 28 U.S.C. §§ 2241 or 2254 challenging the term of community custody imposed in 2008 in King County Superior Court case number 08-1-3316-SEA. The gist of petitioner's habeas claim is the term of community custody exceeds the 50 month sentence imposed by the King County Superior Court Judge and the judgment in the matter should therefore be vacated. Dkt. 5 at 7 (habeas petition).

On April 20, 2020, petitioner filed a "Motion for Restraining Order" alleging he is being harassed by jail staff and requesting he be transferred from the King County Regional Justice Center (RJC) in Kent, to the King County Jail in Seattle for placement in "a minimum-low risk open tank." Dkt. 13 at 2. The motion seeks relief that falls outside the habeas action

REPORT AND RECOMMENDATION - 1

presently before Court. Habeas actions brought pursuant to 28 U.S.C. §§ 2241 or 2254, limit the Court's jurisdiction to the fact or duration of petitioner's confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991). In contrast, claims concerning the conditions of petitioner's confinement are properly raised in a civil rights complaint. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that ... challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of the [habeas] core and may be brought pursuant to a [42 U.S.C.] § 1983 [action] in the first instance."); *Badea*, 931 F.2d at 574 (9th Cir.1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition). The Court accordingly recommends petitioner's motion for temporary restraining order, Dkt. 13 be DENIED. Because this matter is not dispositive of the habeas petition filed in this case, the Clerk is directed <u>NOT to terminate the referral of the matter to the Honorable Brian Tsuchida</u>.

Any objection to this report and recommendation must be filed and served upon all parties no later than **May 12, 2020.** The Clerk should note the matter for **May 15, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 24th day of April, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2

REPORT AND RECOMMENDATION - 3