UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL DARREL MILAM, <br><br> Petitioner, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS, <br><br> Respondent. | CASE NO. C20-422-RSM <br><br> **REPORT AND RECOMMENDATION RE: SUMMARY JUDGMENT** |

On March 18, 2020, petitioner submitted a proposed petition for writ of habeas corpus under 28 U.S.C. §§ 2241 or 2254 challenging the term of community custody imposed in 2008 in King County Superior Court case number 08-1-3316-SEA. Petitioner contends the term of community custody imposed exceeds the 50 month sentence imposed by the King County Superior Court Judge and the judgment in the matter should therefore be vacated. Dkt. 5 at 7 (habeas petition).

On May 6, 2020, petitioner filed in this case a "1983 Civil Rights Complaint Motion for Summary Judgment," contending, as he did in his habeas petition, the trial court imposed an unauthorized term of community custody on top of the prison DOSA sentence the Court ordered. *See* Dkt. 23 at 1 and 2. As relief, petitioner asks the Court to vacate his criminal judgment and

REPORT AND RECOMMENDATION - 1

1  award him monetary damages. *Id.* at 7. For the reasons below the Court recommends the motion

2  for summary judgment be DENIED.

## DISCUSSION

Petitioner asks the Court to vacate his criminal judgment and award him monetary damages, couching his motion as one brought under 42 U.S.C. § 1983. However, § 1983 is not the proper legal mechanism to obtain such relief. Rather, a Writ of Habeas Corpus under 28 U.S.C. § 2254 is the exclusive federal remedy for a state prisoner who request the invalidation of his criminal judgment. *See Young v. Kenny,* 907 F.2d 874, 876 (9th Cir. 1989). This rule is "rooted in considerations of federal-state comity," in which the federal courts must give the state courts the first opportunity to correct errors committed at the trial level on direct appeal or in post conviction proceedings. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

In addition to requesting the Court dismiss his criminal judgment, plaintiff seeks compensation for mental anguish and monetary damages. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 petitioner must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486-87.

Here, the habeas petition does not allege petitioner's 2008 conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, the petition seeks relief from a criminal conviction and

sentence and thus plainly establishes petitioner's conviction and sentence still stand. A summary judgment motion brought under § 1983 is thus barred under *Heck v. Humphry*.

The Court accordingly recommends petitioner's motion for summary judgment brought under § 1983, Dkt. 23 be DENIED. Because this matter is not dispositive of the habeas petition filed in this case, the Clerk is directed **NOT to terminate the referral of the matter to the Honorable Brian Tsuchida.**

Any objection to this report and recommendation must be filed and served upon all parties no later than **June 1, 2020.** The Clerk should note the matter for **June 5, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 18th day of May, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

RE: SUMMARY JUDGMENT - 3