UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL DARREL MILAM, <br><br>　　　　　　　　Petitioner, <br><br>　　v. <br><br>DEPARTMENT OF CORRECTIONS, <br><br>　　　　　　　　Respondent. | CASE NO. C20-422-RSM <br><br>**REPORT AND RECOMMENDATION DENYING SECOND MOTION FOR SUMMARY JUDGMENT** |

Before the Court is petitioner's second motion for summary judgment. Dkt. 27. On March 18, 2020, petitioner initiated this action by submitting a proposed petition for writ of habeas corpus under 28 U.S.C. §§ 2241 or 2254 challenging his conviction and the term of community custody imposed in 2008 in King County Superior Court case number 08-1-3316-SEA. The habeas petitioner contends the term of community custody imposed exceeds the 50 month sentence imposed by the King County Superior Court Judge and the judgment in the matter should therefore be vacated. Dkt. 5 at 7 (habeas petition).

On May 6, 2020, petitioner filed his first motion for summary judgment in a pleading entitled "1983 Civil Rights Complaint Motion for Summary Judgment," contending, as he did in his habeas petition, the trial court imposed an unauthorized term of community custody on top of

REPORT AND RECOMMENDATION - 1

1  the prison DOSA sentence the Court ordered. *See* Dkt. 23 at 1 and 2. As relief, petitioner asked
2  the Court to vacate his criminal judgment and award him monetary damages. *Id.* at 7.
3       On June 1, 2020, petitioner filed his second summary judgment motion in a pleading
4  entitled "1983 Civil Rights Complaint Petitioner's Motion for Summary Judgment Respondent
5  Claim is moot. Dkt. 27. Petitioner again argues "The trial court imposed an additional
6  community custody term on top of the prison based DOSA sentence a term that is authorized in
7  certain circumstances but not here." *Id.* at 2. Petitioner again requests the Court vacate his
8  conviction and award him monetary damages. *Id*. at 6. For the reasons below the Court
9  recommends the petitioner's second motion for summary judgment be **DENIED**.

## DISCUSSION

11      Petitioner now moves the Court for the second time to vacate his criminal judgment and
12 award him monetary damages, couching his motion as one brought under 42 U.S.C. § 1983. As
13 the Court has already stated in its first report and recommendation, § 1983 is not the proper legal
14 mechanism to obtain such relief. Rather, a Writ of Habeas Corpus under 28 U.S.C. § 2254 is the
15 exclusive federal remedy for a state prisoner who request the invalidation of his criminal
16 judgment. *See Young v. Kenny,* 907 F.2d 874, 876 (9th Cir. 1989). This rule is "rooted in
17 considerations of federal-state comity," in which the federal courts must give the state courts the
18 first opportunity to correct errors committed at the trial level on direct appeal or in post
19 conviction proceedings. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).
20      Further, as the Court earlier stated, in order to recover monetary damages for an alleged
21 unconstitutional conviction or imprisonment, or for other harm caused by actions whose
22 unlawfulness would render a conviction or sentence invalid, a § 1983 petitioner must prove the
23 conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486-87.

Here, petitioner does not allege the 2008 conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Rather, petitioner seeks to vacate the criminal conviction and sentence, which plainly establishes his 2008 conviction and sentence still stand. A summary judgment motion brought under § 1983 is thus barred under *Heck v. Humphry*.

The Court accordingly recommends petitioner's second motion for summary judgment brought under § 1983, Dkt. 27 be DENIED. Because this matter is not dispositive of the habeas petition filed in this case, the Clerk is directed **NOT to terminate the referral of the matter to the Honorable Brian Tsuchida.**

Any objection to this report and recommendation must be filed and served upon all parties no later than **June 25, 2020.** The Clerk should note the matter for **June 26, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of June, 2020.

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge