UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL DARREL MILAM,

            Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

            Respondent.

CASE NO. C20-422-RSM

**REPORT AND RECOMMENDATION**

On March 18, 2020, petitioner submitted a proposed petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and the term of community custody imposed in King County Superior Court case number 08-1-3316-SEA. Petitioner is currently detained awaiting disposition of separate criminal charges pending in the King County Superior Court, in case number 19-1-06480-0. *See* Dkt. 21, Ex. 1.

Petitioner contends his term of community custody exceeds the 50 month sentence of imprisonment imposed by King County Superior Court Judge Monica Benton and the judgment and sentence in the matter should therefore be vacated. Dkt. 5 at 7 (habeas petition). In its response to the habeas petition filed April 22, 2020, respondent contends the Court should dismiss the petition because petitioner failed to exhaust his grounds for relief, and because they are time-barred. Dkt. 12. The response is noted for June 5, 2020 and the matter is thus ripe for

REPORT AND RECOMMENDATION - 1

1  review. After reviewing the pleadings and the record, the Court recommends DENYING the writ

2  for petition of habeas corpus and DISMISSING the matter. If this recommendation is adopted

3  the Court further recommends (1) DENYING issuance of a certificate of appealability (COA),

4  and (2) STRIKING, as moot, the motions to amend the caption of the case. Dkts. 18, 25.

## BACKGROUND

6  Petitioner was sentenced in January 2009 for theft in the second degree and identity theft

7  in the second degree in the King County Superior Court. Dkt. 21, Ex. 2. Superior Court Judge

8  Benton imposed a sentence under the Drug Offender Sentencing Alternative (DOSA), ordering

9  petitioner to serve 25 months in prison and 25 months of community custody if he successfully

10 completed the terms of the sentence. However, Judge Benton ordered if petitioner failed to

11 complete or was administratively terminated from the DOSA sentence, he would be required to

12 serve an additional 25 months of imprisonment and serve a term of 9-18 months of community

13 custody. *Id.*

14 Petitioner appealed and collaterally challenged his conviction and sentence. He did not

15 raise the grounds in his present habeas petition. Dkt. 21, Ex, 5 and 7. On September 28, 2009,

16 petitioner was released from custody after serving 25 months of imprisonment and began the 25

17 month community custody portion of the DOSA sentence. *Id.*, Ex. 3. In November 2009,

18 petitioner's DOSA sentence was revoked and petitioner was returned to prison to serve the

19 remaining 25 months of his 50 month DOSA sentence. *Id.* In March 2011, petitioner was

20 released from prison and began serving the additional 9-18 month term of community custody

21 imposed by Judge Benton because his DOSA sentenced was revoked. *Id.* Ex. 2-3.

22 At some point thereafter, petitioner was charged with new criminal offenses in Pierce

23 County. In November 2012, petitioner was sentenced to serve 120 months following a conviction

REPORT AND RECOMMENDATION - 2

1  in Pierce County Superior Court. *Id.* at 3. While petitioner was serving the Pierce County
2  sentence, the Washington Court of Appeals held in *Matter of Alston,* 434 P.3d 1066 (Wash. Ct.
3  App. 2019) that legislation enacted in 2009 and that directed the Department of Corrections to
4  replace variable terms of community custody with fixed terms of custody constituted an ex post
5  facto violation. In petitioner's case, the Department of Corrections converted the original 9-18
6  months of community custody imposed by Judge Benton in 2009 to a fixed term of 12 months
7  based upon the subsequent 2009 legislation. However, pursuant to the *Alston* decision, the
8  Department of Corrections converted petitioner's community custody back to the original term
9  of 9-18 months imposed by Judge Benton. Petitioner contends the Department and its corrections
10 officer had no power to make this conversion. Dkt. 21, Ex. 13. When petitioner was released
11 from prison in March 2019, he was advised by the Department of Corrections that he would
12 resume fulfilling the unexpired portion of the 9-18 month term of community custody imposed
13 by Judge Benton in 2009. *Id.* Ex. 11-12.

## DISCUSSION

15 Petitioner challenges his 2009 King County Superior Court conviction and sentence on
16 the grounds his term of community custody exceeds the 50 month sentence imposed by King
17 County Superior Court Judge Benton. Dkt. 5 at 7 (habeas petition). Petitioner argues once he
18 served the 50 months of imprisonment following his DOSA revocation, community custody
19 cannot be imposed because his sentence was completed, and the term of community custody
20 would result in a sentence that exceeds the five-year statutory maximum of the crimes for which
21 he was convicted. Dkt. 5 at 4-9. He also argues his Department of Corrections community
22 corrections officer impermissibly altered his Judgment and Sentence from a term of community
23 custody of 9-12 months to 9-18 months. *Id.*

1    Respondent argues, and the Court agrees, petitioner faces two barriers to relief. First, petitioner has not presented his habeas claims to the state courts, including the highest state court. Petitioner may pursue federal habeas relief only after he has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner is required to first raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner presents nothing indicating he has presented the claims contained in his federal petition to the state courts and the claims are consequently unexhausted. Rather, petitioner avers he has not presented his claims to the Washington State's highest court, the Washington Supreme Court. *See* Dkt. 5 (habeas petition).

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). As petitioner has not presented his grounds for relief to the highest state court, his federal petition is unexhausted and should be dismissed. In sum, the Court is without

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 4

jurisdiction to consider federal habeas claims that have not been exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1). The Court accordingly recommends the petition be dismissed.

In addition to presenting unexhausted claims, the petition filed here is untimely. Federal habeas corpus petitions filed by persons challenging a state court judgment and sentence are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

REPORT AND RECOMMENDATION - 5

Here, petitioner filed the instant habeas petition more than ten years after his state judgment became final. Petitioner was sentenced in 1999 by Judge Benton. When he was released in March 2011 following revocation of his DOSA and serving the 50 month term of imprisonment imposed by Judge Benton, he began his term of community custody. Petitioner thus knew at that time he was serving his community custody sentence, and thus knew of the issue he now challenges in the present habeas action. Despite knowing about the term of custody he now contends is invalid, he waited 9 years before filing the present petition. The petition is thus untimely and should be dismissed.

Because petitioner proceeds *pro* se, the Court has considered whether there are any reasons to excuse the untimeliness of his petition. The Court concludes no reasons exist. The habeas petition challenges a term of community custody imposed at sentencing in 2009 and which was initially applied upon petitioner when he was released in 2011 from custody. Petitioner knew about the term of community custody, could have challenged it in a timely manner but failed to do so. There is thus no basis to conclude the untimeliness of the habeas petition flows from the assertion of claims based upon evidence petitioner just newly discovered. Rather the claim for relief here is based upon facts which petitioner knew about in 2011 when he started the term of community supervision that he now contests.

There is also no basis to conclude the habeas petition relies upon new United States Supreme Court law made applicable to cases on collateral review. Plaintiff's contention the term of community custody exceeds the maximum term of imprisonment is an argument that was raised years before petitioner was sentenced in 2009. *See Andre v. Pacholke*, 2008 WL 4614294 at * 9 (W.D. Wash. Oct. 16, 2008) ("Mr. Andre argues that, because he received the maximum standard-range prison sentence for his crime, the addition of a community custody term caused

REPORT AND RECOMMENDATION - 6

1  his sentence to exceed the lawful "statutory maximum" for his crime as described by *Blakely v.*
2  *Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004). Mr. Andre is wrong."
3  Accordingly, the untimeliness of the petition cannot be excused based upon newly developed
4  Supreme Court law.
5        The Court also notes petitioner claims his state community corrections officer improperly
6  increased his term of community custody from the 9-12 months originally imposed by Judge
7  Benton in 2009 to 9-18 months, sometime in the last year. Dkt. 5at 6 (habeas petition). This
8  contention is incongruous with petitioner's primary argument that **any** term of community
9  custody violates his right to be sentenced within the statutory maximum, because according to
10 petitioner **no** term of community custody can be imposed. Moreover, petitioner's contention is
11 not supported by the record. Judge Benton's 2009 judgment and sentence states:

> For offenses committed after 7-1-2000 the court further imposes
> the following additional terms of Community Custody upon failure
> to complete or administrative termination from DOSA program:
> for any "crime against person" in section 2.1 herein 9-18 months
> and for any violation of 69.50/52 in section 2.1 herein 9-12
> months, or the entire period of earned early release whichever is
> larger.

16 Dkt. 21, Ex. 2 (Judgment and Sentence). Petitioner's judgment in section 2.1 lists the Dkt. 40.
17 crimes of conviction as Theft in the Second Degree and Identity Theft in the Second Degree. *Id.*
18 Under Washington State law, identity theft in the second degree is a "crime against person" and
19 thus plaintiff is incorrect his judgment ordered 9-12 months of community custody and that his
20 community corrections officer impermissible changed it to 9-18 months. *See State v. Fambro*, 4
21 Wash. App 1032 (2018) ("RCW 9.94A.411(2)(a) defines both first degree and second degree
22 identity theft as "[c]rimes against persons."). Rather the judgment plainly establishes the term of
23 community custody Judge Benton ordered upon revocation of the DOSA sentence was 9-18

REPORT AND RECOMMENDATION - 7

months. There is thus no factual support for the contention that petitioner's community corrections officer improperly increased the term of community custody ordered by Judge Benton.

The Court further notes that if petitioner believed the 9-18 month term of community custody was improper, he should have challenged it in a timely manner following his sentencing. Instead, he waited till 2020 to raise the claim alleging his community corrections officer impermissibly changed his community custody term, a contention, as noted above, lacks factual support. In sum, petitioner's habeas petition is untimely, and as to the alleged acts of the community corrections officer, also factually unsupported. The federal habeas petition should thus be dismissed.

**CERTIFICATE OF APPEALABILITY**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Wilson-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that a COA not be issued because no reasonable jurist could debate that the claims herein are unexhausted or untimely.

REPORT AND RECOMMENDATION - 8

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Petitioner should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 1, 2020.** The Clerk should note the matter for **July 3, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 17th day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge